UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON, AT SEATTLE, WASHINGTON

ROBERT COOPER ENGST and ANNA SUSAN ENGST, husband and wife, and the marital community comprised thereof,

Plaintiffs,

v.

USAA CASUALTY INSURANCE COMPANY, a foreign insurance company,

Defendant.

No.

COMPLAINT FOR VIOLATION OF INSURANCE FAIR CONDUCT ACT, BREACH OF CONTRACT, INSURANCE BAD FAITH, NEGLIGENCE, AND VIOLATION OF THE CONSUMER PROTECTION ACT

JURY DEMAND

## I. PARTIES

1. Plaintiffs Robert Cooper Engst and Anna Susan Engst are husband and wife. They own a home located at 215 Howe Street in Seattle, Washington. The Engsts were at all relevant times insureds of defendant USAA Casualty Insurance Company (USAA). The Engsts reside in Seattle.

2. Defendant USAA is a foreign insurer authorized to conduct business in Washington. Upon information and belief, USAA is a Texas corporation with its principal place of business in San Antonio, Texas.



PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

## II. JURISDICTION AND VENUE

3. The Court has subject-matter jurisdiction under 28 U.S.C. 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over USAA.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here.

## III. CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## IV. FACTUAL ALLEGATIONS

7. USAA issued an insurance policy to the Engsts insuring their home at 215 Howe Street in Seattle. The policy covered the Engsts and their home at all times material to this case. The Engsts paid a valuable premium for the coverages and protections contained in the policy.

8. The Engsts are insureds and first-party claimants under the policy.

9. The Engsts experienced a water loss on or about July 7, 2019.

10. The Engsts timely notified USAA of the loss.

11. The water loss originated in a bathroom on the top floor while the Engsts were out of town. Water spread throughout the top floor, cascaded down through the ceiling of the main floor, and then through the ceiling of the lower level, impacting the majority of the home on all three levels. The water loss caused extensive damage to the walls, ceilings, floors, wiring, millwork, cabinets and related elements of the Engsts' home, and also caused damage to the furniture, art, electronics, and personal belongings within their home.



PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

12. The policy issued by USAA covers all losses incurred by the Engsts resulting from the water event. The policy also covers additional living expense (ALE), among other things.

13. Between July 8, 2019 and July 26, 2019, USAA assigned four different adjusters (in addition to several claims administrators). Each had duties to afford the Engsts all the rights and benefits to which they were entitled under their policy and to correctly determine the material components of the loss and to evaluate the replacement cost to the Engsts.

14. A third-party adjuster hired by USAA inspected the loss on July 25, 2019. On or about July 29, 2019, USAA adjuster David Glover examined the loss. USAA admits the damages are covered.

15. At no time during their work at the Engsts' home did USAA and its adjusters consult any construction contractors or hire any engineers to determine the cost to repair the Engsts' loss.

16. The Engsts consulted multiple contractors for the purpose of determining the replacement cost of the repair project due to the water damage.

17. At no time did USAA exercise its option under the policy to repair and replace the Engsts' home to its pre-loss condition.

18. Under the policy and under industry standards, the Engsts were entitled to choose the contractor to perform the replacement and repair work on their home after USAA failed to exercise its option.

19. At all times, USAA and its adjusters refused to properly evaluate the replacement cost of the project. Rather, USAA issued "estimates" that were designed to lowball the claim,



PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

undermine the insureds' choice of contractor, and pay the Engsts less than the benefits to which they were entitled under the policy.

20. USAA and its adjusters failed to explain to the Engsts all of their rights and benefits under the policy.

21. USAA has refused to timely communicate with the Engsts.

22. USAA's failure to live up to its obligations under the policy and its obligations under industry standards and the Washington Administrative Code Fair Claims Practices Regulations have caused the Engsts severe emotional strain and stress.

23. The Engsts' home is heavily damaged and lacks a functioning bathroom. In places, it is demolished down to the studs, the floors have been torn up, and cabinets have been destroyed. Their home is unlivable, yet the Engsts must continue to pay their mortgage payments, maintenance costs, property taxes, and other household expenses.

24. The Engsts were forced to hire attorneys and their own experts in order to investigate the loss because USAA improperly transferred the burden of investigation to them.

25. The Engsts' claim has yet to be resolved.

26. Insurance companies such as USAA owe their policyholders numerous duties upon the occurrence of a loss under an insurance policy. For example:

- Insurance companies owe their policyholders a duty of good faith.
- Insurance companies have an obligation to tell the truth, to have a lawful purpose, to deal fairly with the policyholder, and to give equal consideration to policyholders' interests as they do their own.
- Insurance companies are prohibited from engaging in conduct toward their policyholders that is in any way unreasonable, frivolous, or unfounded.
- Insurance companies must conduct a full, fair, and prompt investigation of all material aspects of the insurance claim at their own expense.



PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

27. The Unfair Claims Settlement Practices Regulation, which is found in chapter 284-30 of the Washington Administrative Code, imposes duties on insurance companies. USAA owes those duties to the Engsts. The Unfair Claims Settlement Practices Regulation is incorporated herein by reference. *See* WAC 284-30-330 to -380.

28. Insurance industry standards in the State of Washington require USAA to comply with the Unfair Claim Settlement Practices Regulation. The regulation reflects minimum industry standards.

29. Insurance companies are prohibited by industry standards and Washington Administrative Code Regulations (*see* WAC 284-30-330 to -380) from:

- Misrepresenting facts and policy provisions.
- Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.
- Failing to adopt and implement reasonable standards for the prompt investigation of claims.
- Failing to advise insured of what is necessary to complete the claim.
- Failing to assist the insured.
- Refusing to pay claims without a reasonable investigation.
- Compelling first party claimants to initiate litigation by offering substantially less than the amounts due under policies.
- Failing to promptly settle claims where liability has become reasonably clear.
- Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of the claim.
- Failing to disclose all rights and benefits under an insurance policy to the insured.
- Failing to provide an explanation of the coverage under which payments were made.



PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

- Attempting to transfer the cost of investigation to the insured.
- Failing to complete a full and fair investigation within 30 days.

Insurance companies are responsible for the accuracy of evaluations to determine actual cash value.

30. To ensure compliance with legal and industry standards:

- insurance companies have a responsibility to properly train employees involved in claims-handling activity; and
- insurance companies have a responsibility to supervise, evaluate, investigate, and (when necessary) discipline or terminate claims handlers who fall short of legal, industry, or company standards.

31. USAA violated all the above standards and Washington Administrative Code Regulations.

32. USAA failed to perform a full and fair investigation of the claim and has denied the benefits to which the Engsts are entitled under the Policy.

33. USAA constructively denied coverage for the Engsts' claim.

34. Because of USAA's conduct, the Engsts have been damaged in several ways including, without limitation, the following:

- Loss of use and enjoyment of their home;
- Incurring the expense of retaining experts, which should have been done by USAA;
- Incurring investigative expenses that should have been borne by USAA;
- Having to hire counsel;
- Being denied payment under their policy for all rights and benefits;
- Exposure to increased inconvenience;
- Economic impairment;



PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

- Spending substantial time dealing with the insurance claim; and
- Emotional distress, aggravation, and anxiety.

## V. CAUSES OF ACTION

### CLAIM NO. 1. DECLARATORY JUDGMENT (Against USAA)

35. The Engsts incorporate all of the preceding paragraphs as if fully set forth herein.

36. The Engsts seek a judgment:

- declaring that the Engsts are entitled to each and every coverage to which the Engsts are entitled under the Policy, including benefits for multiple losses;
- declaring the benefits to which the Engsts are entitled; and
- declaring that USAA is estopped from asserting any time limitation in the insurance policy as a defense to coverage due to USAA's bad faith.

37. USAA is liable for reasonable attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 51-53, 811 P.2d 673 (1991), *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 37, 904 P.2d 731 (1995).

### CLAIM NO. 2. BREACH OF CONTRACT (Against USAA)

38. The Engsts incorporate all of the preceding paragraphs as if fully set forth herein.

39. The policy is a valid, enforceable contract.

40. The Engsts are entitled to full compliance with the policy.

41. The Engsts are entitled to coverage and every benefit available to the Engsts under the policy.

42. The Engsts seek judgment with respect to all coverages and benefits that apply to the facts of this case, including benefits for multiple losses.



PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

43. USAA breached its obligations under the policy as alleged throughout this Complaint.

44. The Engsts have sustained damage in an amount to be proven at trial.

45. In addition to the Engsts' damages, USAA is liable for reasonable attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 51–53, 811 P.2d 673 (1991).

**CLAIM NO. 3. VIOLATION OF DUTY OF GOOD FAITH**
**(Against USAA)**

46. The Engsts incorporate all of the preceding paragraphs as if fully set forth herein.

47. USAA violated its duty of good faith.

48. USAA's conduct as alleged throughout this Complaint was unreasonable and in bad faith.

49. USAA is in violation of the Unfair Claim Settlement Practices Regulation.

50. USAA is in violation of industry standards for the handling of insurance claims.

51. The Engsts sustained damage as a result of USAA's conduct.

52. USAA is liable for the Engsts' consequential economic and noneconomic damages in addition to reasonable attorney fees and costs under *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 37, 904 P.2d 731 (1995).

**CLAIM NO. 4. NEGLIGENT CLAIMS HANDLING**
**(Against USAA)**

53. The Engsts incorporate all of the preceding paragraphs as if fully set forth herein.

54. USAA's handling of the insurance claim was unreasonable.

55. USAA is in violation of the Unfair Claim Settlement Practices Regulation.

56. USAA is in violation of industry standards for the handling of insurance claims.



PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

57. The Engsts sustained damage as a result of USAA's conduct.

**CLAIM NO. 5. CONSUMER PROTECTION ACT (CPA), RCW 19.86.090**
**(Against USAA)**

58. The Engsts incorporate all of the preceding paragraphs as if fully set forth herein.

59. As alleged throughout this Complaint, USAA engaged in unfair or deceptive acts or practices.

60. USAA's conduct occurred in trade or commerce.

61. USAA is in violation of the Unfair Claims Settlement Practices Regulation.

62. USAA acted in bad faith.

63. USAA's conduct affected the public interest.

64. USAA's conduct caused injury to the Engsts' "business or property," as those terms are defined for purposes of the CPA.

65. The Engsts sustained damage as a result of USAA's conduct.

66. In addition to the Engsts' damages, USAA is liable for attorney fees and costs under RCW 19.86.090.

67. The Court should order USAA to pay enhanced damages under RCW 19.86.090.

**CLAIM NO. 6. CPA INJUNCTION**
**(Against USAA)**

68. The Engsts incorporate all of the preceding paragraphs as if fully set forth herein.

69. The Engsts assert a claim for injunctive relief under the CPA.

70. The Court should enjoin USAA from further acts that violate the Washington Administrative Code, the Insurance Code, or the CPA. The Court should require USAA to enact procedures by which the company would live up to its legal obligations to perform its obligations to policyholders. Under CR 65, plaintiff is not required to articulate the specific



PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

terms of the injunction until the time of judgment. Nonetheless, appropriate injunctive relief could include a mandate for new training, guidelines, and supervision and the appointment of a special master for a limited time to oversee the implementation of such a mandate.

71. USAA is liable for reasonable attorney fees and costs under RCW 19.86.090.

**CLAIM NO. 7. INSURANCE FAIR CONDUCT ACT (IFCA), RCW 48.30.015 (Against USAA)**

72. The Engsts incorporate all of the preceding paragraphs as if fully set forth herein.

73. The Engsts are a first-party claimants.

74. USAA unreasonably denied coverage or payment of benefits and therefore violated IFCA.

75. The Engsts do not assert that USAA is liable under IFCA simply by virtue of the fact that USAA violated the WAC regulations. The regulatory violations and other evidence relating to the handling of the claim demonstrate that USAA acted unreasonably.

76. This is not a mere "valuation dispute," nor is it a case about mere delay, but rather, based on the totality of circumstances that USAA knew or should have known at the time, USAA denied the Engsts important benefits in an unreasonable fashion, causing actual damages to the Engsts.

77. USAA failed to make a reasonable payment based on the known facts. It failed to make a good faith effort to appropriately value the loss.

78. The Engsts complied with the 20-day notice requirement under IFCA.

79. USAA refused to cure its misconduct before this lawsuit was filed.

80. The Engsts are entitled to recovery of actual damages.

81. The Court should order USAA to pay punitive damages under RCW 48.30.015.



PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

82. The Engsts are entitled to recover attorney fees and costs under the Insurance Fair Conduct Act, RCW 48.30.015.

## VI. JURY DEMANDED

83. Pursuant to Fed. R. Civ. P. 38, plaintiffs demand a jury on all issues triable of right by a jury.

## VII. PRAYER FOR RELIEF

84. WHEREFORE, the Engsts request that this Court:

- Enter a declaratory judgment as stated;
- Enter a money judgment against defendants in the amount we will prove;
- Enter an injunction as stated;
- Award enhanced damages pursuant to RCW 19.86.090 and RCW 48.30.015;
- Award costs, disbursements, and attorney fees to the maximum extent authorized by law, including *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), RCW 19.86.090, RCW 48.30.015, and for defendants' bad faith;
- Otherwise award the Engsts' attorney fees and costs; and
- Award such other relief as is just and proper.



PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

RESPECTFULLY SUBMITTED this 20th day of December, 2019.

PLAINTIFF LITIGATION GROUP PLLC

By: s/ *William C. Smart*______________
William C. Smart, WSBA #8192

By: s/ *Isaac Ruiz*____________________
Isaac Ruiz, WSBA #35237

Plaintiff Litigation Group PLLC
95 South Jackson Street, Suite 100
Seattle, WA 98104
wsmart@plaintifflit.com
iruiz@plaintifflit.com
Tel. (206) 203-9100
FAX: (206) 785-1702

*Attorneys for Plaintiffs*