The Honorable Thomas S. Zilly

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| ROBERT COOPER ENGST and ANNA SUSAN ENGST, husband and wife, and the marital community comprised thereof,<br><br>Plaintiffs,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant. | No. 2:19-cv-02074-TSZ<br><br>PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT REGARDING DEFENDANT'S AFFIRMATIVE DEFENSES<br><br>NOTE ON MOTION CALENDAR:<br>July 31, 2020 |

## I.    INTRODUCTION AND RELIEF REQUESTED

Plaintiffs Robert and Anna Engst seek summary judgment regarding defendant USAA Casualty Insurance Company's first, second, fourth, fifth, sixth, seventh, and eighth affirmative defenses. Discovery has confirmed that USAA's boilerplate affirmative defenses lack factual support. Dismissal of these defenses is warranted.

## II.    STATEMENT OF ISSUES

Have the Engsts met their burden to point out the absence of evidence supporting USAA's first, second, fourth, fifth, sixth, seventh, and eighth affirmative defenses? **Yes**.

**RUIZ & SMART**
**PLAINTIFF LITIGATION PLLC**
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

1

### III.   STATEMENT OF FACTS

2

This insurance bad faith action challenges USAA's failure to investigate and pay the

3

replacement cost benefits due under the Engsts' homeowners insurance policy after a burst

4

water hose caused catastrophic damage to their home, rendering it uninhabitable. Dkt. No. 1, ¶¶

5

7-19. USAA's answer pleads the following affirmative defenses at issue in this motion: failure

6

to state a claim, acts or omissions of third parties, third party negligence,

7

contributory/comparative fault, waiver and estoppel, failure to mitigate, and a reservation of

8

rights to assert new defenses. Dkt. No. 3 at 12-13.

9

Discovery reveals that the factual basis for USAA's affirmative defenses is limited to

10

USAA's file for the Engsts' insurance claim, the insurance policy, and the fact that USAA

11

tendered payments for policy benefits besides the disputed replacement cost benefits.

12

Declaration of Isaac Ruiz, Ex. A, pp. 5-9 (response to Interrogatory No. 4). USAA's claim file[1]

13

reflects the following facts pertinent to USAA's defenses.

14

15

Late in the evening on July 7, 2019, the Engsts returned home to discover their home

16

was flooded due to a toilet supply line leak. Ruiz Dec. Ex. B at ENGST_CF_0003 and 500. The

17

flood did extensive damage to the Engsts' $1.2 million home, a lovingly-restored vintage 1920's

18

building. *Id*. at 465 and 500. USAA determined the home was unlivable due to the extent of the

19

damage. *Id*. at 3.

20

21

22

23

24

[1] The Engsts regret that the claim file excerpts submitted herewith contain watermarks making them
difficult to read. The Engsts' counsel repeatedly requested USAA produce the claim file without the

25

watermarks but have not received a clean copy of the claim file. Ruiz Dec. ¶ 3.B.

PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT REGARDING DEFENDANT'S
AFFIRMATIVE DEFENSES
(No. 2:19-cv-02074-TSZ) - 2

**RUIZ & SMART**
**PLAINTIFF LITIGATION PLLC**
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

The Engsts immediately retained experts to mitigate the loss, including water removal, dry-out, and related demolition. Ruiz Dec. Ex. B at ENGST_CF_0004-5, 839-872. Mitigation was complete 12 days after the loss on July 19, 2019. *Id*. at 872.

The Engsts promptly obtained multiple quotes from qualified contractors to repair their home and submitted the bids to USAA. Ruiz Dec., Ex. B at ENGST_CF_0068, 496, 994-1000. The Engsts provided further detail from the bidding contractors in response to USAA's queries. *Id*. at 1266-1268. USAA refused to pay these construction bids based on computer-generated "estimates" that failed to account for the cost to repair the Engsts' $1.2 million vintage home. *Id*. at 465 and 1275. USAA ignored the Engsts' protests that no contractor would repair their home for the amount of USAA's "estimates." *Id*. at 115.

USAA failed to cure its misconduct in response to the Engsts' pre-suit notice detailing USAA's violations of the insurance policy and Washington law. Ruiz Dec. Ex. B at ENGST_CF_1326-27. This lawsuit followed. Dkt. No. 1. The Engsts assert claims for violations of the Insurance Fair Conduct Act (RCW 48.30.05; "IFCA"), the Consumer Protection Act (RCW 19.86.090; "CPA"), and the duty of good faith; for breach of contract and negligent claims handling; and for declaratory and injunctive relief. *Id*. pp. 7-11.

## IV.    AUTHORITY AND ARGUMENT

### A.    USAA must provide factual support for its affirmative defenses to survive summary judgment.

The well-known summary judgment burden-shifting framework applies to USAA's affirmative defenses. Summary judgment is warranted where the movant points out the absence of evidence supporting an issue the non-movant bears the burden of proving at trial. *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000) (citing *Celotex*

RUIZ & SMART
PLAINTIFF LITIGATION PLLC
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

*Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The moving party bears the burden of establishing the absence of a genuine issue of material fact. *Id.* The movant meets that burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. (citation omitted). Once that burden is met, the burden shifts to the non-movant to identify facts showing a genuine issue for trial. *Id*. (citations omitted).

USAA has the burden of proof on its affirmative defenses. *Duenez v. Dakota Creek Indus. Inc.*, C16-1238-JCC, 2018 WL 488948, at *7 (W.D. Wash. Jan. 19, 2018) (citing *Jones v. Taber*, 648 F.2d 1201, 1203 (9th Cir. 1981)). Thus, the Engsts may obtain summary judgment on USAA's affirmative defenses by showing that USAA lacks evidence supporting USAA's affirmative defenses. *Id*. (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) and *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000)). Once the Engsts meet this burden, USAA must "'come forward with specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

**B.      USAA cannot meet its burden to support these affirmative defenses.**

Summary judgment is warranted because USAA cannot meet its burden to prove these affirmative defenses. *See, e.g., Peoples Bank v. P/C Ambassador of the Lake*, C16-1403JLR, 2017 WL 3424979, at *2 (W.D. Wash. Aug. 9, 2017) ("Because Mr. Ragusa bears the burden of proof on each affirmative defense and has placed no facts in the record supporting any of those affirmative defenses, the court grants Peoples Bank summary judgment as to all of Mr. Ragusa's affirmative defenses.").

1

2

**1.      The Court should dismiss USAA's seventh affirmative defense because no facts show the Engsts failed to mitigate their damages.**

USAA's seventh affirmative defenses asserts the Engsts failed to mitigate their damages. Dkt. No. 3 at 13:10-15. To create a triable issue of fact on this defense, USAA must show the Engsts' damages at issue in this lawsuit could have been avoided through efforts that were "reasonable under the circumstances." *Sutton v. Shufelberger*, 31 Wn. App. 579, 581, 643 P.2d 920, 923 (1982) (quoting *Young v. Whidbey Island Bd. of Realtors*, 96 Wn.2d 729, 732, 638 P.2d 1235 (1982)).  USAA cannot meet its burden by speculation but must affirmatively prove that the Engsts acted unreasonably:

> A wide latitude of discretion must be allowed to the person who by another's wrong has been forced into a predicament where he is faced with a probability of injury or loss. Only the conduct of a reasonable man is required of him. *If a choice of two reasonable courses presents itself, the person whose wrong forced the choice cannot complain that one rather than the other is chosen.*

> The party injured is not under any obligation to use more than ordinary diligence. Prudent action is required, but not that action which the defendant, upon afterthought, may be able to show would have been more advantageous to him. The amount of care required is not to be measured by ex post facto wisdom; and the plaintiff is not bound at his peril to know the best thing to do.

*Hogland v. Klein*, 49 Wn.2d 216, 221, 298 P.2d 1099, 1102 (1956) (quoting *McCormick on Damages* 133 (Hornbook Series), § 35 and 1 *Sedgwick on Damages* 415, 9th Ed., § 221) (emphasis in original, internal cites and quotation marks omitted).

Discovery discloses no facts from which USAA could meet this burden. USAA's claim file establishes the Engsts acted reasonably and prudently. The Engsts immediately retained experts to mitigate the loss, including water removal, dry-out, and related demolition. Ruiz Dec. Ex. B at ENGST_CF_0004-5, 839-873 and 872. They promptly submitted bids from qualified contractors to repair their home. *Id.* at 68, 496 and 994-1000. When USAA refused to pay these construction bids, the Engsts explained USAA's computer-generated "estimates" failed to

1  account for the cost to repair the Engsts' $1.2 million custom-restored vintage home, provided

2  further support for the bids, and advised USAA no contractor will repair their home for the

3  amount of USAA's "estimates." *Id*. at 465, 1266-1268 and 1275. When USAA failed to

4  adequately respond, the Engsts offered USAA a final opportunity to cure its misconduct before

5  filing suit. *Id*. at 1326-27. The Engsts did everything reasonable to mitigate their damages.

6

7      **2.**        **Summary judgment is warranted as to USAA's fifth affirmative defense**
                **because no facts show the Engsts bear fault for USAA's misconduct.**

8

9        USAA's fifth affirmative defense asserts contributory or comparative negligence by the

10  Engsts. Dkt. No. 3 at 12:26-13:5. To show a genuine issue of fact regarding this defense, USAA

11  must present evidence from which a reasonable jury could find: (1) that the Engsts failed to

12  exercise reasonable care which a reasonable person would have exercised under the

13  circumstances; and (2) that such failure was a legally contributing cause of the Engsts' damages.

14  *Franklin v. Out W. Express, LLC*, 3:17-CV-05698-RBL, 2019 WL 1958496, at *3 (W.D. Wash.

15  May 2, 2019) (citing *Dunnington v. Virginia Mason Medical Center*, 187 Wn.2d 629, 637–38,

16  389 P.3d 498 (2017)).

17        The claim file discloses no evidence the Engsts failed to exercise reasonable care, or that

18  any such failure contributed to the Engsts' damages. As explained above, the Engsts promptly

19  mitigated the loss, tendered restoration bids, explained why USAA's computer-generated

20  "estimates" failed to capture the cost to repair their vintage home, and offered USAA a final

21  opportunity to cure its misconduct before filing suit. Ruiz Dec., Ex. B at ENGST_CF_0004-5,

22  839-873 and 872; 68, 496 and 994-1000; 465, 1266-1268 and 1275; and 1326-27. No reasonable

23  jury could find the Engsts were negligent.

24

25

PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT REGARDING DEFENDANT'S
AFFIRMATIVE DEFENSES
(No. 2:19-cv-02074-TSZ) - 6

**3.    USAA's second and fourth affirmative defenses fail because no facts show third parties could be at fault for USAA's misconduct.**

USAA's second and fourth affirmative defenses assert acts or omissions of third parties comprise the sole proximate cause of the harm to the Engsts in this dispute. Dkt. No. 3 at 12:10-14 and 20-25. USAA's claim file discloses no basis to believe a third party was responsible for USAA's failure to investigate and pay the replacement cost for the damaged portions of the home. Even if adjusters or other agents retained by USAA to handle the claim are at fault, USAA remains liable because an insurer's duties to its policyholders are nondelegable. *Merriman v. Am. Guarantee & Liab. Ins. Co.*, 198 Wn. App. 594, 625, 396 P.3d 351, 366 (2017). *See also* WAC 284-30-310 (imposing fair claims handling duties on "insurers" not third parties or agents).

**4.    USAA's sixth affirmative defense must be dismissed because USAA cannot prove waiver or estoppel.**

USAA's sixth affirmative defense asserts the Engsts' claims are barred under the doctrines of waiver and estoppel. Dkt. No. 3 at 13:6-9. Waiver requires proof the Engsts "voluntarily and intentionally relinquished a known right." *Saunders v. Lloyd's of London*, 113 Wn.2d 330, 339–40, 779 P.2d 249, 254 (1989) (citation omitted). Estoppel requires proof of: (1) the Engsts' admission, statement, or act inconsistent with the Engsts' suing USAA for bad faith; (2) action by USAA on the faith of the Engsts' admission, statement, or act; and (3) injury to USAA resulting from allowing the Engsts to contradict or repudiate such admission, statement, or act. *Id.* at 340 (citations omitted). The claim file reveals no facts that could establish these elements; to the contrary, the Engsts continuously insisted on their right to replacement cost benefits (i.e., what a reasonable contractor would charge to repair their home) and filed suit when USAA failed to honor that right. The Court should dismiss USAA's waiver and estoppel

**RUIZ & SMART**
**PLAINTIFF LITIGATION PLLC**
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

defenses. *Washington v. Matheson Flight Extenders, Inc.*, C17-1925-JCC, 2020 WL 777385, at *14 (W.D. Wash. Feb. 18, 2020).

### 5.   USAA's first affirmative defense fails because it improperly asserts a backdoor Rule 12(b)(6) defense.

USAA's first affirmative defense asserts the Engsts' allegations fail to state a claim. Dkt. No. 3 at 12:6-9. Failure to state a claim must be asserted by way of a Fed. R. Civ. P. 12(b)(6) motion to dismiss and cannot be asserted as an affirmative defense. *Kaiser v. CSL Plasma Inc.*, 240 F. Supp. 3d 1129, 1134 (W.D. Wash. 2017) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) and *Vargas v. Cnty. of Yolo*, 2016 WL 3916329, 5, 2016 U.S. Dist. LEXIS 94793, 13–14 (E.D. Cal. July 19, 2016)). Having failed to move to dismiss under Rule 12(b), USAA is precluded from backdooring failure to state a claim as an affirmative defense. *Id*.

### 6.   USAA cannot unilaterally reserve a right to add new defenses.

USAA's eighth affirmative defense purports to reserve USAA's right to unilaterally add new defenses. Dkt. No. 3 at 13:16-22. Litigants' right to amend pleadings to assert new defenses is governed by Fed. R. Civ. P. 15 and cannot be unilaterally reserved. *Johnson v. Providence Health & Servs*., C17-1779-JCC, 2018 WL 2289331, at *3 (W.D. Wash. May 18, 2018) (citing Fed. R. Civ. P. 15 and *E.E.O.C. v. Timeless Investments, Inc.*, 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010)). The Court should dismiss this defense (or, alternatively, strike the defense under Fed. R. Civ. P. 12(f)) and require that USAA assert future defenses through a motion to amend under Fed. R. Civ. P. 15. *Id*.

**RUIZ & SMART**
**PLAINTIFF LITIGATION PLLC**
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

1

### V.    CONCLUSION

2     No evidence supports these boilerplate affirmative defenses. The Court should clear the

3     underbrush so the parties can focus on the crux of this dispute—USAA's failure to investigate

4     and pay the replacement cost benefits— by granting this motion and dismissing USAA's first,

5     second, fourth, fifth, sixth, seventh, and eighth affirmative defenses.

6     Dated July 9, 2020.

7

8                                RUIZ & SMART
                                 PLAINTIFF LITIGATION PLLC

9

10                        By: _s/ Isaac Ruiz_____
                              William C. Smart, WSBA #8192
11                            Isaac Ruiz, WSBA #35237
                              McKean J. Evans, WSBA #52750
12                            95 S. Jackson St., Suite 100
                              Seattle, WA 98104
13                            Tel: 206-203-9100 | Fax: 206-643-1880
                              wsmart@plaintifflit.com
14                            iruiz@plaintifflit.com
                              mevans@plaintifflit.com
15
                              Attorneys for Plaintiffs
16

17

18

19

20

21

22

23

24

25

PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT REGARDING DEFENDANT'S
AFFIRMATIVE DEFENSES
(No. 2:19-cv-02074-TSZ) - 9

RUIZ & SMART
PLAINTIFF LITIGATION PLLC
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

1

**CERTIFICATE OF SERVICE**

2

I certify that on July 9, 2020, I electronically filed the foregoing with the Clerk of the

3

Court using the CM/ECF system which will send notification of such filing to the persons listed

4

below:

5

Joshua N. Kastan, WSBA #50899

6

Melissa O'Connor WSBA #53907
Mitchell F. Wilson, WSBA #49216

7

DKM Law Group, LLP
1700 7th Avenue, Suite 2100

8

Seattle, WA  98101
Emails: jnk@dkmlawgroup.com

9

moc@dkmlawgroup.com
mfw@dkmlawgroup.com

10

11

*Attorneys for Defendant USAA*

12

13

14

Shannon McKeon, Legal Assistant

15

Ruiz & Smart Plaintiff Litigation PLLC
95 S. Jackson St., Suite 100

16

Seattle, WA 98104
(206) 203-9100

17

18

19

20

21

22

23

24

25

PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT REGARDING DEFENDANT'S
AFFIRMATIVE DEFENSES
(No. 2:19-cv-02074-TSZ) - 10