The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ROBERT COOPER ENGST and ANNA SUSAN ENGST, husband and wife, and the marital community comprised thereof,<br><br>Plaintiffs,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant. | No. 2:19-cv-02074-TSZ<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT REGARDING DEFENDANT'S AFFIRMATIVE DEFENSES |

I This matter comes before the Court on Plaintiffs' Motion for Summary Judgment Regarding Defendant's Affirmative Defenses. Having reviewed plaintiffs' motion, defendant's response and plaintiffs' reply, the Court makes the following findings:

1. Plaintiffs' motion for summary judgment is GRANTED.

2. Defendant has the burden of proof on its affirmative defenses. *Duenez v. Dakota Creek Indus. Inc.*, C16-1238-JCC, 2018 WL 488948, at *7 (W.D. Wash. Jan. 19, 2018) (citing Jones v. Taber, 648 F.2d 1201, 1203 (9th Cir. 1981)). Thus, plaintiffs may obtain summary judgment on defendant's affirmative defenses by showing that defendant lacks evidence supporting its affirmative defenses. *Id*. (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23,

[PROPOSED] ORDER
(No. 2:19-cv-02074-TSZ) - 1

RUIZ & SMART
PLAINTIFF LITIGATION PLLC
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) and *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000)). Once plaintiffs meet this burden, defendant must "'come forward with specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

3. Defendant's interrogatory answers rely principally on Defendant's claim file as the basis for its affirmative defenses. *See* Exhibit A to the declaration of Isaac Ruiz in support of plaintiffs' motion. The claim file excerpts submitted in conjunction with the motion show no factual support for the challenged affirmative defenses. *See* Exhibit B to the declaration of Isaac Ruiz.

4. No facts support defendant's seventh affirmative defense (failure to mitigate damages). "[T]he duty to mitigate damages is not absolute." *Sutton v. Shufelberger*, 31 Wn. App. 579, 581, 643 P.2d 920, 923 (1982). Defendant must prove plaintiffs' damages at issue in this lawsuit could have been avoided through efforts that were "reasonable under the circumstances." *Id*. (quoting *Young v. Whidbey Island Bd. of Realtors*, 96 Wn.2d 729, 732, 638 P.2d 1235 (1982)). Defendant cannot meet its burden by speculation but must affirmatively prove that the Engsts acted unreasonably. *Hogland v. Klein*, 49 Wn.2d 216, 221, 298 P.2d 1099, 1102 (1956) (quoting *McCormick on Damages* 133 (Hornbook Series), § 35 and 1 *Sedgwick on Damages* 415, 9th Ed., § 221). No facts show plaintiffs failed to take reasonable measures to mitigate their damages. Rather, the claim file discloses plaintiffs immediately retained experts to mitigate the loss, promptly submitted bids from qualified contractors to repair their home, explained defendant's computer-generated "estimates" failed to account for the cost to repair their home, provided further support for the bids, advised defendant no contractor will repair

[PROPOSED] ORDER
(No. 2:19-cv-02074-TSZ) - 2

Ruiz & Smart
Plaintiff Litigation PLLC
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

their home for the amount of defendant's "estimates," and offered defendant a final opportunity to address the dispute before filing suit.

5. There is no factual support for defendant's fifth affirmative defense (comparative/contributory negligence). To show a genuine issue of fact regarding this defense, defendant must present evidence from which a reasonable jury could find two elements: (1) that the plaintiffs failed to exercise reasonable care which a reasonable person would have exercised under the circumstances; and (2) that such failure was a legally contributing cause of the plaintiffs' damages. *Franklin v. Out W. Express, LLC*, 3:17-CV-05698-RBL, 2019 WL 1958496, at *3 (W.D. Wash. May 2, 2019) (citing *Dunnington v. Virginia Mason Medical Center*, 187 Wn.2d 629, 637–38, 389 P.3d 498 (2017)). For the same reasons discussed above, defendant's claim file shows no facts from which a reasonable jury could find plaintiffs were negligent or that such negligence contributed to plaintiffs' damages.

6. No facts support defendant's second and fourth affirmative defenses (third party fault) because there is no evidence any third parties are at fault for the alleged failure to pay the full amount of the plaintiffs' replacement cost insurance benefits. Further, any potential fault on behalf of defendant's adjusters or agents cannot support these defenses because defendant's duties to the plaintiffs as their insurer are nondelegable. *Merriman v. Am. Guarantee & Liab. Ins. Co.*, 198 Wn. App. 594, 625, 396 P.3d 351, 366 (2017). *See also* WAC 284-30-310 (imposing fair claims handling duties on "insurers" not third parties or agents).

7. Defendant's sixth affirmative defense (waiver and estoppel) fails because no facts exist that could establish the elements of waiver or estoppel under Washington law. *See Saunders v. Lloyd's of London*, 113 Wn.2d 330, 339–40, 779 P.2d 249, 254 (1989) (citation omitted) (identifying elements of waiver and estoppel).

[PROPOSED] ORDER
(No. 2:19-cv-02074-TSZ) - 3

Ruiz & Smart
Plaintiff Litigation PLLC
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

8. Defendant's first affirmative defense (failure to state a claim) is improper. Failure to state a claim must be asserted by way of a Fed. R. Civ. P. 12(b)(6) motion to dismiss and cannot be asserted as an affirmative defense. *Kaiser v. CSL Plasma Inc.*, 240 F. Supp. 3d 1129, 1134 (W.D. Wash. 2017) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) and *Vargas v. Cnty. of Yolo*, 2016 WL 3916329, 5, 2016 U.S. Dist. LEXIS 94793, 13–14 (E.D. Cal. July 19, 2016)).

9. Finally, defendant's eighth affirmative defense improperly purports to reserve defendant's right to unilaterally add new defenses. Litigants' right to amend pleadings to assert new defenses is governed by Fed. R. Civ. P. 15 and cannot be unilaterally reserved. *Johnson v. Providence Health & Servs.*, C17-1779-JCC, 2018 WL 2289331, at *3 (W.D. Wash. May 18, 2018) (citing Fed. R. Civ. P. 15 and *E.E.O.C. v. Timeless Investments, Inc.*, 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010)).

10. Accordingly, the Court enters summary judgment in favor of plaintiffs and against defendant on defendant's first, second, fourth, fifth, sixth, seventh, and eighth affirmative defenses.

**IT IS SO ORDERED.**

Dated this __ day of _____, 2020.

_____
THE HONORABLE THOMAS S. ZILLY
United States District Court Judge

[PROPOSED] ORDER
(No. 2:19-cv-02074-TSZ) - 4

Ruiz & Smart
Plaintiff Litigation PLLC
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702

1  Presented by:

2  **RUIZ & SMART**
3  **PLAINTIFF LITIGATION PLLC**

4  By: *s/ Isaac Ruiz*
      William C. Smart, WSBA #8192
5        Isaac Ruiz, WSBA #35237
      McKean J. Evans, WSBA #52750
6        95 S. Jackson St., Suite 100
7        Seattle, WA 98104
      Tel: 206-203-9100 | Fax: 206-643-1880
8        wsmart@plaintifflit.com
      iruiz@plaintifflit.com
9        mevans@plaintifflit.com

10  Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

[PROPOSED] ORDER
(No. 2:19-cv-02074-TSZ) - 5

# CERTIFICATE OF SERVICE

I certify that on July 9, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Joshua N. Kastan, WSBA #50899
Melissa O'Connor WSBA #53907
Mitchell F. Wilson, WSBA #49216
DKM Law Group, LLP
1700 7th Avenue, Suite 2100
Seattle, WA  98101
Emails: jnk@dkmlawgroup.com
moc@dkmlawgroup.com
mfw@dkmlawgroup.com

*Attorneys for Defendant USAA*

Shannon McKeon, Legal Assistant
Ruiz & Smart Plaintiff Litigation PLLC
95 S. Jackson St., Suite 100
Seattle, WA 98104
(206) 203-9100

[PROPOSED] ORDER
(No. 2:19-cv-02074-TSZ) - 6

RUIZ & SMART
PLAINTIFF LITIGATION PLLC
95 S. Jackson St., Ste. 100
Seattle, WA 98104
Tel. 206-203-9100 Fax 206-785-1702