UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT COOPER ENGST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> USAA CASUALTY INSURANCE COMPANY, <br><br> Defendant. | C19-2074 TSZ <br><br> MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)     Plaintiffs' Motion to Compel, docket no. 18, is GRANTED in part, DENIED in part, and STRICKEN as moot in part as follows:

      (a)     The Court GRANTS the Motion as to the proposed Fed. R. Civ. P. 30(b)(6) Topic 5. The scope of allowable discovery under this Topic, however, shall be limited to any policies and procedures in effect from January 2019 to June 30, 2020 that are relevant to the Engsts' claim. This shall include generally-applicable policies and procedures related to the Engsts' claim, regardless of the specific line of insurance under which the claim arose.

      (b)     The Court DENIES the Motion as to the proposed Fed. R. Civ. P. 30(b)(6) Topic 6. Any discovery related to compliance with claims handling standards is discoverable under Topic 5. The remaining portion of the Topic—a party's understanding of Washington state law—impermissibly seeks a legal opinion rather than facts related to the case. *See Lundquist v. First Nat'l Ins. Co. of Am.*, 2019 WL 4034769, at *4 (W.D. Wash. Aug. 27, 2019).

   (c) The Court GRANTS the Motion as to the proposed Fed. R. Civ. P. 30(b)(6) Topic 10.  The scope of allowable discovery under this Topic, however, shall be limited to bad faith complaints arising out of homeowner's insurance policies in Washington within the last five years.

   (d) The Court GRANTS the Motion as to the proposed Fed. R. Civ. P. 30(b)(6) Topic 11.  The scope of allowable discovery under this Topic, however, shall be limited to Defendant USAA CIC's metrics, goals, and/or expectations regarding loss ratios, claim costs, and/or claim cost savings in place with regard to Washington homeowner claims between January 2019 and June 30, 2020.

   (e) The Court STRIKES as moot the Motion as to the text-only claim log, which Defendant USAA contends that it produced on July 17, 2020.  *See* O'Conner Decl., docket no. 21 at ¶ 11.

 (2) Within thirty (30) days of the date of this Order, Defendant USAA shall provide the identity and dates certain for the Fed. R. Civ. P. 30(b)(6) depositions which shall occur within sixty (60) days of this Order.

 (3) Any discovery as a result of this Order shall be subject to the parties' Stipulated Protective Order, docket no. 14.

 (4) Plaintiffs' Motion for Summary Judgment Regarding Defendant's Affirmative Defenses, docket no. 16, is STRICKEN as moot in part and DENIED without prejudice in part as follows:

   (a) Plaintiffs' Motion is stricken as moot as to the first and eighth affirmative defenses, which Defendant has stricken in the proposed amended complaint.  Ex. L to O'Connor Decl., docket no. 25-12 at 13-14.

   (b) Plaintiffs' Motion is otherwise denied.  Pursuant to Fed. R. Civ. P. 56(d)(1), Plaintiffs' motion is premature.  Plaintiffs' only contention is that Defendant's affirmative defenses should fail due to the "absence of evidence" in support.  Plaintiffs' Motion, docket no. 16 at 4.  The parties' discovery deadline is February 22, 2021, and Defendant should have the opportunity to pursue discovery relevant to the contested affirmative defenses.

 (5) Defendant USAA's Motion to Amend the Answer to the Complaint, docket no. 24, is GRANTED.  Defendants shall file their amended Answer within ten (10) days of this Order.

 (6) The telephonic oral argument set for August 20, 2020, at 10:30 a.m. is therefore STRICKEN.

MINUTE ORDER - 2

(7)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 14th day of August, 2020.

                William M. McCool
                Clerk

                s/Karen Dews
                Deputy Clerk

MINUTE ORDER - 3